UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 1:23-cr-**57** |
| v. | ) | Judge **ATCHLEY** |
| | ) | Magistrate Judge **STEGER** |
| FLORENCIA RENDEROS MORALES | ) | |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, Florencia Renderos Morales, and the defendant's attorney, Myrlene Marsa, have agreed upon the following:

1.    The defendant agrees to waive indictment by a Grand Jury and plead guilty to the sole count identified in the Bill of Information:

(a)    Count I: Obstruction of Justice, in violation of 18 U.S.C. § 1512(b).

The punishment for this offense is as follows. There is no mandatory minimum term of imprisonment for this offense. The maximum penalty includes a term of imprisonment of up to 20 years; a term of supervised release of up to three years; a fine of up to $250,000; any lawful forfeiture and restitution; and a $100 special assessment due at the time of sentencing.

2.    There are no remaining counts in the information. The United States agrees not to further prosecute the defendant in the Eastern District of Tennessee for any other non-tax criminal offenses committed by the defendant that are related to the charges contained in the Bill of Information in this case and that are known to the United States Attorney's Office for the Eastern District of Tennessee at the time this plea agreement is signed by both parties.

3. The defendant has read the information, discussed the charges and possible defenses with defense counsel, and understands the crime(s) charged. Specifically, the elements of the offense(s) are as follows:

A. The defendant knowingly,

B. intimidated, threatened, or corruptly persuaded another person, or attempted to intimidate, threaten, or corruptly persuade another person, or engaged in misleading conduct toward another person,

C. with the intent to hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

(a) At all times pertinent to the Bill of Information, the defendant was an employee at La Casa de Sydney ("LCDS"), a housing facility located in the Eastern District of Tennessee for undocumented and unaccompanied migrant children.

(b) At some point prior to June 2021, the defendant engaged in inappropriate conduct toward minors in their late teens at LCDS. The conduct was sexual in nature.

(c) The defendant used various electronic and social media platforms to communicate with the minors with whom she was having a relationship.

(d) Law enforcement, including federal and state authorities such as the Department of Homeland Security and the Chattanooga Police Department, began investigating the defendant's

2

conduct and others' at LCDS as potential violations of various federal laws, including 18 U.S.C. § 242.

(e) The defendant became aware of the federal and state criminal investigation into her conduct and the conduct of others as it relates to sexual conduct toward minors at LCDS. Among other things, the defendant learned that a colleague who allegedly engaged in similar conduct had been arrested.

(f) The defendant contacted individuals and discussed the ongoing investigation into her conduct and LCDS, including ways to evade detection and consequence and urging them not to cooperate with law enforcement. As one example, on one occasion in or about June 2021, the defendant contacted "Individual 1" – a resident of LCDS who was a minor at the time the defendant was employed there and whose identity is known to the defendant and the United States Attorney – as a warning about the ongoing investigation. The defendant discussed who she believed reported her conduct, and she requested that Individual 1 delete electronic messages and other material relating to the ongoing investigation with the intent to prevent the transmission of that information to law enforcement.

(g) The defendant admits as a component of this plea agreement that she contacted individuals and corruptly persuaded and attempted to corruptly persuade them, intending to hinder, delay, and prevent the communication of information to law enforcement relating to the ongoing federal criminal investigation of conduct occurring at LCDS.

5. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

(a) the right to be indicted by a grand jury for these crimes;

(b) the right to plead not guilty;

3

(c)     the right to a speedy and public trial by jury;

(d)     the right to assistance of counsel at trial;

(e)     the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

(f)     the right to confront and cross-examine witnesses against the defendant;

(g)     the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

(h)     the right not to testify and to have that choice not used against the defendant.

6.     The parties agree that the appropriate disposition of this case would be the following as to each count:

(a)     The Court may impose any lawful term(s) of imprisonment, any lawful fine(s), and any lawful term(s) of supervised release up to the statutory maximum(s);

(b)     The Court will impose special assessment fees as required by law; and

(c)     The Court may order forfeiture as applicable and restitution as appropriate. No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s). The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the

4

defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

7.      Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines.  Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines.  Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8.      The defendant agrees to pay the special assessment in this case prior to sentencing.

9.      Financial Obligations.  The defendant agrees to pay all fines and/or restitution to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately.  If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution.  The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems

5

appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

(a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

(b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

(c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

10. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the

6

offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

(a) The defendant will not file a direct appeal of the defendant's conviction. If the sentenced ultimately imposed in this case is above the advisory Sentencing Guidelines range, the defendant may appeal the reasonableness of her sentence.

(b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

(c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

11. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Removal and other immigration consequences are the subject of a separate proceeding, and the defendant understands that no one, including her attorney or the Court, can predict to a certainty the effect of the defendant's conviction on immigration status.

12. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter

7

guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

13. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

14. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

[SIGNATURES ON FOLLOWING PAGE]

8

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

20 JULY 2023
Date

By:

Kyle J. Wilson
Assistant United States Attorney

7/12/23
Date

Florencia Renderos Morales
Defendant

7/12/2023
Date

Myrlene Marsa
Attorney for the Defendant

9